IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY M., by and through his
Parents, ALEXANDER M. and
REBECCA T., of Tunkhannock, PA

        Plaintiff

v.

TUNKHANNOCK AREA SCHOOL DISTRICT
41 Philadelphia Avenue
Tunkhannock, PA 18657

        Defendant

Civil Action

No.

## COMPLAINT

### I. Preliminary Statement

1. Anthony M. ("Anthony"), a minor child with disabilities, and his Parents, Alexander M. and Rebecca T. (collectively referred to as "Plaintiff" or "Family"), bring this action to recover reasonable attorneys' fees and costs as the prevailing party in a special education due process hearing. Anthony is a child with disabilities under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and its federal and state implementing regulations. He is a qualified handicapped person under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and its federal and state implementing regulations.

2. After a bifurcated due process hearing that in this first phase addressed prospective programming claims regarding the 2021-22 school year and deferred to a later date claims seeking compensatory education related to the District's past violations, a Pennsylvania Special Education Hearing Officer determined that the District denied Anthony a Free Appropriate Public Education ("FAPE") under IDEA and Section 504. *Anthony M. v. Tunkhannock Area School District*, Pa. ODR No. 24827-2021AS (August 27, 2021) ("Decision") (attached, as redacted, as Exhibit A).

1

## II. Parties

3. Anthony was born in 2010. He was and is at all relevant times to this complaint a resident of the Tunkhannock Area School District ("Defendant" or the "District").

4. Alexander M. is Anthony's father. Rebecca T. is Anthony's mother. Although they live separately, they also reside within the District, share educational custody of Anthony, and are both represented by undersigned counsel.

5. The District is located at 41 Philadelphia Avenue, Tunkhannock, Pennsylvania. The District is the recipient of several sources of federal funds and is a Local Educational Agency ("LEA") under Pennsylvania law for the provision of educational services to resident children under IDEA, Section 504, and Pennsylvania's statutory/regulatory scheme concerning young children with disabilities. 11 P.S. § 875-101; 22 Pa. Code Chapters 14 and 15; *see also, e.g.*, 24 P.S. Chapter 13.

## III. Jurisdiction and Venue

6. This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 because it is a civil action arising under IDEA and Section 504, which are laws of the United States.

7. All the School District's actions complained of herein have taken place within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. Venue is appropriate in the Middle District pursuant to 28 U.S.C. § 1391.

8. The Family has exhausted its administrative remedies as required under 20 U.S.C. § 1415(i), having timely pursued a fully successful special education due process hearing, at which it prevailed.

9. The Family's claims and remedies are authorized by 20 U.S.C. § 1415(i)(3)(B), 34 C.F.R. § 300.517; Section 504, 29 U.S.C. § 794a; and 28 U.S.C. §§ 2201, 2202, providing for declaratory and any further relief deemed necessary and proper.

## IV. Additional Facts Supporting Liability

10. Anthony is a child with the IDEA-recognized disability of Emotional Disturbance and behavioral needs; these are his main needs and areas of concern. Decision at 9-10. He is also a student with IDEA-recognized Specific Learning Disabilities ("SLD") in basic reading and oral reading fluency. Decision at 6. These likely stem from decoding deficits, and he also appears to have a possible SLD in written expression. Decision at 7. He further exhibits needs related to transitions and change. Decision at 10-11, 22-23.

11. The Family filed a due process complaint in April, 2021, concerning both past and prospective educational violations by the District. Decision at 2. The Hearing Officer bifurcated the proceedings. After an initial hearing session on July 16, 2021 for opening statements on both issues, the Hearing Officer held a one-day session solely on the Family's objections to the District's proposed IEP for 2021-22, on Monday, August 23, 2021. The purpose was to determine what Anthony's programming and placement for 2021-22 should be, before the school year started two days later. Exhibit A at 2-4.

12. In his Decision issued four days later, on August 27, 2021, the presiding Hearing Officer, Michael J. McElligott, correctly found numerous violations in the District's proposed IEP and ordered the District to revise its IEP to correct those violations in the 2021-22 school year. Decision at 13-25. Specifically, the Hearing Officer ordered the following changes that the Family requested, and that the District has been implementing, demonstrating the Family's entitlement to

3

full prevailing-party attorneys' fees and costs.

13. Regarding placement and schedule, while confirming Anthony's current placement in an emotional support setting in a District school, the Hearing Officer ordered adjustments to Anthony's social work services, plus monitoring for potential other adjustments to the schedule as needed. Decision at 14-16. The Decision also contemplates that the IEP team could determine that, in the future, Anthony might again require a specialized setting. Decision at 18.

14. Pertaining to Anthony's SLD in reading, the Hearing Officer ordered the District to evaluate Anthony for inclusion and appropriate placement within its intensive decoding reading program (which, in his presently ordered setting, is Wilson Reading) by September 1; to revise its IEP to replace any Multi-Tiered System of Support ("MTSS") programming or instruction with Specially Designed Instruction ("SDI") in that program (currently Wilson) at the appropriate level, together with appropriate monitoring; and, after establishing his current level in that program, to craft and monitor an appropriate decoding goal based on that in his IEP. Decision at 16-18. If Anthony is moved to a different setting, although Wilson might not be available, the Hearing Officer ordered the District to provide a similarly intensive and structured program. *Id.* at 18.

15. Regarding writing, the Hearing Officer ordered an updated cognitive assessment with an instrument valid for Anthony's age, so as to evaluate accurately the current discrepancy between his cognitive ability and his achievement scores in writing. This is necessary to ascertain whether he should also be identified as a student with an SLD in written expression. *Id.* at 19-20.

16. As for Anthony's behavioral and emotional needs, which are predominant and change in different settings, the Hearing Officer ordered that if the District, in implementing his previous Positive Behavior Support Plan ("PBSP") from the previous setting, believes it should be

altered, it must undertake a new Functional Behavior Analysis ("FBA") and craft a new PBSP from the results. *Id.* at 20-21. He ordered that the District increase Anthony's individual social work services to two 20-minute sessions weekly, in addition to two 30-minute group sessions, and cautioned that community-based mental health services provided in school should not reduce the social work time. *Id.* at 20. Finally, the Hearing Officer ordered that the non-parent members of the IEP team meet weekly to communicate about various aspects of Anthony's progress, needs, and ability to succeed in the District until the week of October 18, after which the team may decide whether and how often such meetings will take place. *Id.* at 21-22.

17. Regarding executive functioning, the Hearing Officer ordered that although the record did not support a goal for organization, planning, and routine, still, because transitions cause Anthony difficulty, all educators involved should focus on the SDI/modification of providing advance notice of change and/or transition. *Id.* at 23.

18. To the best knowledge of the Family at this time, it appears the District has been complying with the Hearing Officer's orders, which he issued after the hearing in response to the Family's objections to the District's proposed IEP. The District completed an assessment for its reading decoding program, i.e., Wilson Reading, by September 1, 2021, as ordered. It has been implementing Wilson Reading daily ever since. It has been holding weekly meetings to discuss Anthony's progress. Pending confirmation, it appears it has either scheduled or held the ordered cognitive assessment, and has either added or is in the process of adding the ordered two 20-minute individual social work sessions per week. Thus, it is clear that the Family is the prevailing party.

19. As the prevailing party, the Family is entitled to a full award of statutory attorneys' fees and costs.

## V. Statutory Authority

10. IDEA and Section 504 each permit Plaintiffs to recover reasonable attorneys' fees when they prevail in an action or proceeding. 20 U.S.C. § 1415(i)(3)(B); 34 C.F.R. § 330.517; 29 U.S.C. § 794a.

11. The Family is the prevailing party below, having obtained significant substantive relief in the due process proceedings, and is entitled to an award of statutory attorneys' fees and costs, including the time spent litigating the entitlement to attorneys' fees. *Planned Parenthood of Central New Jersey v. Attorney General of the State of New Jersey*, 297 F.3d 253, 268 (3d. Cir. 2002).

**WHEREFORE**, the Family Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Hear additional evidence as appropriate pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii);

3. Award Plaintiff reasonable attorneys' fees and costs for both the Due Process proceedings and the present action; and

4. Grant such other relief as this Court deems proper.

Respectfully submitted,

*/s/ John W. Goldsborough*
John W. Goldsborough, Esquire
PA ID No. 73063

*/s/ Dennis C. McAndrews*
Dennis C. McAndrews, Esquire
PA ID No. 28012

McANDREWS, MEHALICK,
HULSE & RYAN P.C.
30 Cassatt Avenue
Berwyn, PA 19312
(610) 648-9300 (phone)
(610) 648-0433 (fax)
Attorneys for Plaintiffs